UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID WAITON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>Defendants. | Case No. 13-cv-03218-JST (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; DISMISSING CLAIM WITH LEAVE TO AMEND** |

Plaintiff, an inmate at the Main Adult Detention Facility in Santa Rosa, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

1  statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon
2  which it rests.' " <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
3  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
4  obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and
5  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
6  Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell
7  Atlantic Corp. v. Twombly,</u> 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
8  must proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 1974.
9      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
10  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
11  the alleged violation was committed by a person acting under the color of state law.  <u>West v.
12  Atkins</u>, 487 U.S. 42, 48 (1988).
13  B.  <u>Legal Claims</u>
14      1.  <u>Bus Incident</u>
15      According to the complaint, plaintiff was riding a city bus in the City of Santa Rosa,
16  California, when a woman on the bus began threatening him with violence.  Plaintiff departed the
17  bus because of the threats.  As he was departing, the bus driver kicked plaintiff in the back and
18  closed the doors on plaintiff.  Plaintiff names "John Doe Bus Driver" as one of many defendants in
19  this action.  Plaintiff further alleges that Santa Rosa police officers went to every motel for seven
20  miles to ensure that nobody would give plaintiff a room.  Plaintiff does not provide the date of the
21  alleged incident.
22      Although plaintiff's allegations are serious, they fail to state a claim upon which relief may
23  be granted under § 1983.  Specifically, plaintiff has not alleged how these alleged acts violated his
24  federal constitutional or statutory rights.   Plaintiff may be able to pursue a claim for violation of
25  state law in the state courts.                           .
26      Plaintiff also alleges that Santa Rosa Police Sergeant Anderson and several other
27  policemen refused to take a police report of the incident.  The Due Process Clause does not require
28

the state to protect the life, liberty, and property of its citizens against invasion by private actors. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 195 (1989). Consequently, the benefit that a party may receive from having someone arrested for a crime generally does not trigger protections under the Due Process Clause. Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) (no property interest in police enforcement of restraining order). There are two exceptions – the "state-created danger" doctrine and the "special relationship" doctrine – but neither is implicated in this case. Plaintiff's allegations that police officers failed to take a police report of a crime against him, although troubling, fail to state a cognizable Section 1983 claim for violation of his federal rights. See id. at 768-69. Plaintiff may be able to pursue a claim for violation of state law in the state courts.

Plaintiff's claims relating to getting kicked off a city bus and relating to the Santa Rosa Police Department's alleged actions following the incident are DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

2. Alleged Cover-Up

Plaintiff also alleges that he has repeatedly asked the City of Santa Rosa Risk Management Department for a copy of a video recording from the bus depicting the incident alleged above. Plaintiff alleges that the Risk Management Department has rejected his requests, claiming there is no evidence of a crime against plaintiff. Plaintiff alleges this is a "cover-up."

Such allegations, if true, could implicate plaintiff's constitutional right of access to the courts. A prisoner's constitutional right to litigate without interference means that "aside from their affirmative right to the tools necessary to challenge their sentences or conditions of confinement, prisoners also have a right, protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process, 'to pursue legal redress for claims that a have a reasonable basis in law or fact.'" Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (internal citation omitted). "Recognition of the constitutional right of access to the courts . . . has from its inception been applied to civil as well as constitutional claims." Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986).

"[I]f a party engages in actions that effectively cover-up evidence and this action renders a plaintiff's state court remedy ineffective, they have violated his right of access to the courts." Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997); see also Christopher v. Harbury, 536 U.S. 403, 413-17 (2002) (holding that claims of cover-ups that cause "the loss of an opportunity to sue," as in Swekel, are cognizable claims for denial of access to the courts); Delew v. Wagner, 143 F.3d 1219, 1222-23 (9th Cir. 1998) (approving of and applying Swekel's analysis to a cover-up claim).

To adequately plead such a claim, the "plaintiff must identify a nonfrivolous, arguable underlying claim . . . [and] must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Harbury, 536 U.S. at 415. The underlying cause of action and the remedy must be pleaded "in accordance with Federal Rule of Civil Procedure 8(a), just as if [the claim] were being independently pursued." Id. at 417-18. When the cover-up allegedly takes place before a plaintiff has filed a state court action, the plaintiff bears the burden of showing that the alleged cover-up foreclosed the filing of a suit in state court or rendered the filing of such a suit ineffective. Swekel, 19 F.3d at 1264. "A plaintiff cannot merely guess that a state court remedy will be ineffective because of a defendant's actions. Rather, the plaintiff must present evidence that the defendants' actions actually rendered any available state court remedy ineffective." Id.

Even construed liberally, plaintiff's allegations are insufficient to state a claim for lack of access to the courts. Plaintiff has not alleged actual injury because he has not alleged that any defendant's actions prevented him from pursuing or perfecting a case in the courts. Plaintiff will be given leave to amend to remedy the deficiencies noted above, if he can truthfully do so. Specifically, plaintiff must allege, if he can do so in good faith, that the denial of the video recording prevented him from pursuing or perfecting his court case. The amended complaint must also include: (1) the date of the alleged bus incident; (2) whether he litigated a claim for damages arising out of the bus incident; (3) if he did litigate, the result of the litigation; (4) what the video recording allegedly shows; (5) when and how the City of Santa Rosa denied plaintiff a copy of the

1  video recording; (6) how the recording was necessary for plaintiff to access the courts; and
2  (7)  the names of the defendants who engaged in the alleged cover-up, in order to allow for
3  service of process.

4        3.      <u>Unrelated Claims</u>

5  Finally, plaintiff makes a number of additional allegations regarding his treatment at the
6  Main Adult Detention Facility in Santa Rosa, California ("county jail").  For example, plaintiff
7  variously alleges that: (1) jail staff used weapons to assault him in his testicles, rectum, and vital
8  organs; (2) he was denied necessary medications; (3) jail staff broke his foot in retaliation for
9  plaintiff's writing a complaint to the District Attorney; (4) jail staff denied him legal materials; and
10  (5) jail staff turned his water off for five days and later stabbed plaintiff in the wrist and fractured
11  his mouth after he pleaded for water.

12  Plaintiff's claims regarding the conditions of his confinement at the county jail are
13  unrelated to his claims arising out of the bus incident.  Plaintiff alleges different claims against
14  different defendants.  Accordingly, the remaining claims are DISMISSED without leave to amend.
15  <u>See</u> Fed. R. Civ. P. 18 & 20.  However, this dismissal is without prejudice.  Plaintiff may raise
16  these claims in a separate civil rights action or actions.

17  **CONCLUSION**

18  For the foregoing reasons, the Court hereby orders as follows:

19  1.      Plaintiff's claim based on lack of access to the alleged video recording is dismissed
20  with leave to amend for plaintiff to remedy the deficiencies described above, if he truthfully can
21  do so. Plaintiff shall file an amended complaint within **twenty eight (28) days** from the date this
22  order is filed.  Plaintiff is advised to use the Court's complaint form.  The amended complaint must
23  include the caption and civil case number used in this order (No. C 13-3218 JST (PR)) and the
24  words "FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint
25  completely replaces the original complaint, <u>see</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.
26  1992), plaintiff may not incorporate material from the original complaint by reference.  **Failure to**
27  **amend within the designated time and in accordance with this order will result in the**

28

**dismissal of this action.**  The Clerk of the Court shall send plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff's claims relating to getting kicked off a city bus and relating to the Santa Rosa Police Department's alleged actions following the but incident are DISMISSED with prejudice for failure to state a claim.

3. Plaintiff's claims relating to his conditions of confinement at the county jail are DISMISSED without prejudice to plaintiff raising them in a new action or actions.

4. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing with the Clerk a separate paper headed "Notice of Change of Address."  Plaintiff also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  July 7, 2014

_____
JON S. TIGAR
United States District Judge